IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:16CR166 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| PABLO DURAN RAMIREZ, | ) | GOVERNMENT'S SUPPLEMENTAL |
| | ) | SENTENCING MEMORANDUM AS TO |
| Defendant. | ) | PABLO DURAN RAMIREZ |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Chelsea S. Rice, Assistant United States Attorney, and submits this supplemental sentencing memorandum in aid of sentencing in this case, which is currently scheduled for January 6, 2020.  The United States also incorporates its original sentencing memorandum in this case, filed on December 28, 2018.  (R. 27: Govt. Sent. Memo., PageID 216).  For the reasons set forth herein, as well as in the original sentencing memorandum, and those to be articulated at the sentencing hearing, the United States respectfully requests that this Court sentence Defendant Pablo Duran Ramirez to a sentence within the Guidelines range of 30-37 months and order him to pay a fine.

                        Respectfully submitted,

                        JUSTIN E. HERDMAN
                        United States Attorney

By:   /s/ Chelsea S. Rice
        Chelsea S. Rice (OH: 0076905)
        Assistant U.S. Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        (216) 622-3752
        Chelsea.Rice@usdoj.gov

## SUPPLEMENTAL SENTENCING MEMORANDUM

**I.     Procedural History**

On September 17, 2018, Defendant pleaded guilty to Encouraging Illegal Entry, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), (a)(1)(B)(i), and (a)(4)(A) (Count 3 of the Indictment). This matter was originally scheduled for sentencing on January 7, 2019, but was rescheduled on several occasions to allow the parties additional time to respond to several issues, including (1) statements made by Defendant during jail calls that appear to be related to his assets; (2) Defendant's current financial condition; and (3) any other arguments related to Defendant's ability to pay a fine.

**II.    Defendant Should be Ordered to Pay A Fine**

As discussed in the United States' original sentencing memorandum, Defendant, as a result of his flight to Mexico, has avoided having to pay restitution in this case.[1] Yet, Defendant and his company earned significant profits as a result of his criminal actions and there should be some financial sanction imposed on Defendant so that he is not able to financially benefit from his crimes. As outlined in the attached summary,[2] in 2013 and 2014, Defendant's company, Haba Corporate Services ("Haba"), was paid $6,189,570 from Trillium Farms. (Govt. Sent. Ex. 1). From 2012 to 2015, Trillium paid Haba a total of $7,818,950. Of the money paid to Haba, it appears that a total of $5,284,112 was paid to subcontractors. *Id*. Therefore, looking only at 2013 and 2014, Haba made a profit of approximately $1.4 million. When looking at 2012

---

[1] Restitution to the victims was ordered to be paid by the earlier-convicted defendants and has been paid in full by Defendant's subordinates.

[2] This summary was prepared using Haba's bank records from Chase and Huntington banks. These records were provided to Defendant in discovery.

through 2015, Haba made a profit of approximately $5.2 million.  This profit was tied directly to the criminal actions Defendant admitted to as part of his plea agreement.

While Defendant has provided a financial analysis claiming that he only received a small percentage of the money paid to Haba, other evidence of Defendant's assets belies such a claim.  Defendant referenced a number of properties during recorded jail calls.[3]  (Govt. Sent. Ex. 2).  Defendant reported one of these properties to the Probation Officer during his pre-sentence report interview, but has not reported any interest in any of the other properties.  Moreover, Defendant's statements during a number of recorded calls seem to indicate that he was attempting to have his properties placed in other people's names, including the name of his wife.  (Govt. Sent. Ex. 4).  Defendant also discussed a number of other assets during recorded jail calls, including a number of outstanding debts owed to him.  (Govt. Sent. Ex. 3).

On December 3, 2019, Defendant provided the United States with a signed Statement of Debtor Form.  However, this form only asks Defendant to report on his *current* assets – not on what happened to assets that he previously owned.  It is unknown what happened to the properties and assets Defendant discussed on the jail calls, but the preponderance of the evidence demonstrates that (1) Defendant and his company profited from his criminal conduct; (2) Defendant had assets at the time of his arrest and change of plea; and (3) Defendant has a strong ability to earn money once released from prison.

---

[3] This calls have been fully translated and provided to Defendant and Defendant's counsel.  Due to the size of the documents the United States is not attaching the translated calls to this sentencing memorandum, but can make them available to the Court upon request.

**III.** **Conclusion**

For these reasons, as well as those set forth in the United States' original sentencing memorandum, and those to be articulated at the sentencing hearing, the United States respectfully requests that this Court sentence Defendant within the Guidelines range and order him to pay a fine.

              Respectfully submitted,

              JUSTIN E. HERDMAN
              United States Attorney

By: /s/ Chelsea S. Rice
              Chelsea S. Rice (OH: 0076905)
              Assistant U.S. Attorney
              United States Court House
              801 West Superior Avenue, Suite 400
              Cleveland, Ohio 44113-1852
              (216) 622-3752
              Chelsea.Rice@usdoj.gov

5

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Chelsea S. Rice
Chelsea S. Rice
Assistant U.S. Attorney